## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JAGPAL SINGH

    Plaintiffs,

v.

                                                    CASE NO:
                                                    HONORABLE:

CITY OF TAYLOR, RICKY BARNOSKY,
OFFICER JOHNSTON, and CHRISTIAN SCHNELL,
in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **JAGPAL SINGH**, by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the

above-named Defendants states as follows:

1.     At all times relevant to the events which gave rise to the instant case, Plaintiff

was a green card holder and resident of the City of Livingston, County of

Merced, State of California; having immigrated to the United States of

America from India in 2011.

2.      Plaintiff is currently a citizen of the United States of America.

3.      Defendant City of Taylor is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

4.      Defendants Barnosky, Johnston, and Schnell are and/or were police officers employed by the City of Taylor; and at all times mentioned herein, were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

5.      All events giving rise to this lawsuit occurred in the City of Taylor, County of Wayne, State of Michigan.

6.      This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourth Amendment to the United States Constitution; and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.  Plaintiff also has viable state law claims.

7.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

8.      This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. Sections 1391(b) and 1393(a); as one or more of the Defendants reside in and/or are incorporated in this District, and the claims asserted herein arose in this District.

10. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## **FACTS**

11. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

12. Plaintiff is originally from India, speaks very little English, and his first language is Punjabi.

13. On the evening of January 7, 2018, Plaintiff was a long-haul truck driver who had arrived with his load at the Walmart located at 7555 Telegraph Road in Taylor, Michigan, where he was scheduled to make a delivery the following morning.

14. Plaintiff proceeded to enter the above-mentioned Walmart Store and began to shop.

15. Plaintiff had been shopping for approximately 30-45 minutes when he was approached by Defendants Johnston and Barnosky.

16. Defendants Johnston and Barnosky merely told Plaintiff that he had been accused of stealing; and they arrested Plaintiff without reasonable suspicion or probable cause.

17. Defendants Johnston and Barnosky handcuffed and arrested Plaintiff without any evidence whatsoever that Plaintiff had committed any crime.

18. Defendants Johnston and Barnosky did not adequately explain to Plaintiff why he was being arrested.

19. Plaintiff was then transported to the Taylor Police Department where he was processed and housed.

20. Defendant Schnell, who was the officer-in-charge of the case, attempted to interview Plaintiff; however, Plaintiff requested a translator because he could not clearly understand what Defendant Schnell was saying to him.

21. Defendants Johnston, Barnosky, and Schnell conducted a sham investigation during which they fabricated incriminating evidence against Plaintiff and/or ignored evidence which exculpated Plaintiff, the result of which was that Plaintiff was falsely charged with one (1) count of unarmed robbery pursuant to MCL 750.530.

22. Defendant Schnell did not have any evidence that Plaintiff ever committed an unarmed robbery.

23.   Defendant Schnell nonetheless requested a warrant be issued for Plaintiff and recommended that Plaintiff be prosecuted for unarmed robbery.

24.   Defendants unlawfully targeted Plaintiff for arrest and prosecution based solely and/or primarily upon his race, ethnicity, and/or nation of origin and subsequently caused him to be wrongfully prosecuted.

25.   Plaintiff was only released from jail after his brother-in-law flew in from California and posted bond on Plaintiff's behalf.

26.   The first time that Plaintiff was provided any kind of translator was through his criminal attorney during his bond hearing, and as a result, Plaintiff spent four (4) days in jail before he was able to be released on bond.

27.   As a condition of Plaintiff's bond, he was restricted from leaving Michigan while his criminal prosecution proceeded.

28.   For approximately one (1) month, Plaintiff was unable to return to his wife and five (5) year old son who lived in California; and was unable to conduct and engage in his business as a long-haul truck driver.

29.   Also, as a result of the unlawful restriction on Plaintiff's freedom caused by Plaintiff's false arrest and malicious prosecution, Plaintiff's business lost significant income because he was unable to perform long-haul deliveries.

30.   All charges against Plaintiff were dismissed after the People moved to dismiss without prejudice, "in the interest of justice," on January 29, 2019.

31. As a result of Defendants' unlawful actions and/or inactions, Plaintiff suffered injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

34. At all material times, the individually-named Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they falsely arrested and falsely detained Plaintiff without probable cause or exigent circumstances.

35. The individually-named Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

36. The individually-named Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches

and seizures.

37.   The individually-named Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

38.   Due to the individually-named Defendants' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated; and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Honorable Court award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT UNDER STATE LAW
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

39.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40.   The individually-named Defendants caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause by fabricating evidence against Plaintiff and by refusing to consider exculpatory evidence.

41.    The individually-named Defendants caused Plaintiff to be held against his

will and/or imprisoned without any legal justification and/or probable cause.

42.    The individually-named Defendants restricted Plaintiff's liberties against his will.

43.    The individually-named Defendants' actions were without legal justification and/or probable cause.

44.    As a result of the individually-named Defendants' actions, Plaintiff suffered injuries and damages.

45.    The individually-named Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT III
VIOLATION OF THE FOURTH AMENDMENT
42 U.S.C. § 1983 - MALICIOUS PROSECUTION
AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS**

46.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

47.    Plaintiff was unlawfully arrested and incarcerated for a crime that the individually-named Defendants lacked any probable cause to believe that Plaintiff committed.

48. As stated above, the individually-named Defendants had no actual knowledge or probable cause to believe that the criminal charges would succeed and acted unreasonably when they initiated a malicious prosecution against Plaintiff which was eventually dismissed "in the interest of justice."

49. The individually-named Defendants failed to properly and thoroughly conduct an investigation; they manufactured probable cause; they lied; and/or they unlawfully arrested Plaintiff for crimes that the individually-named Defendants lacked any probable cause to believe that Plaintiff did commit.

50. The individually-named Defendants were the initiators of Plaintiff's wrongful prosecution because they omitted material facts and exculpatory evidence and presented their unfounded and falsely manufactured facts from their investigation to the prosecutor.

51. The individually-named Defendants knew they falsely and recklessly built a case against Plaintiff, and this exemplified their callous indifference to Plaintiff's life and liberty.

52. The individually-named Defendants' acts were the direct and proximate cause of Plaintiff's malicious prosecution, which is in violation of plaintiff's Fourth Amendment rights.

53.    Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

<u>**COUNT IV**</u>
**<u>MALICIOUS PROSECUTION UNDER STATE LAW</u>**
**<u>AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS</u>**

54.    Plaintiff realleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

55.    The individually-named Defendants arrested and caused/instituted criminal proceedings to be brought against Plaintiff in this matter.

56.    The individually-named Defendants had no probable cause to believe that the proceedings against Plaintiff could succeed.

57.    The individually-named Defendants instituted and caused charges and proceedings to be brought against Plaintiff by submitting false evidence.

58.    Plaintiff was acquitted of all charges on or about January 29, 2018.

59.    As a result of the individually-named Defendants maliciously bringing charges against Plaintiff, he sustained injuries and damages.

60. In addition, pursuant to MCL 600.2907, civil liability shall attach to Defendants who for vexation and trouble maliciously caused and/or procured Plaintiff to be arrested and then proceeded on charges against Plaintiff in which they had no probable cause to arrest or no probable cause to proceed with the charges.

61. The individually-named Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that he is entitled to treble damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

### COUNT V
### GROSS NEGLIGENCE AS TO ALL
### INDIVIDUALLY-NAMED DEFENDANTS

62. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

63. Defendants owed Plaintiff the duties of care described herein.

64. Notwithstanding these duties, Defendants breached these duties recklessly, without reasonable care, and with deliberate indifference and gross negligence

and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

65. Defendants knew or should have known that by breaching these duties, they would cause harm to Plaintiff.

66. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered the herein-described damages and injuries.

67. Defendants' conduct was so egregious and so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiffs are entitled to exemplary damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees, together with any other relief in law or equity which this Court deems just.

**COUNT VI**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**42 U.S.C. § 1983 & 42 U.S.C. § 1981 AS TO**
**ALL INDIVIDUALLY-NAMED DEFENDANTS**

68. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

69. The Fourteenth Amendment and 42 U.S.C. § 1981 have established that each

person is entitled to equal protection under the law.

70. Plaintiff is ethnically Indian, was born in India, and immigrated to the United States in 2011; and at the time of the subject incident was a permanent resident and green card holder.

71. Plaintiff is a member of a constitutionally protected class based upon his race/ethnicity/nationality.

72. Plaintiff was unlawfully investigated, detained, arrested, and/or prosecuted without probable cause or any other legal justification whatsoever, in violation of his rights to equal protection under the law.

73. The individually-named Defendants acted with an invidious discriminatory purpose, under color of law, an in violation of Plaintiff's clearly established right to be treated equally under the law when they initiated an unlawful investigation, detention, arrest, and/or prosecution of Plaintiff based solely and/or primarily upon the basis of his race, ethnicity, and/or nation of origin.

74. The individually-named Defendants, while acting under color of law, caused Plaintiff to be unlawfully investigated, detained, arrested, and/or prosecuted without any legal justification and/or probable cause by fabricating evidence against Plaintiff and by refusing to consider exculpatory evidence.

75. The individually-named Defendants unlawfully stopped, interviewed, and arrested Plaintiff for unarmed robbery without any legal justification, and

while ignoring video evidence which clearly exculpated Plaintiff of all suspicion for unarmed robbery.

76. The individually-named Defendants knew or should have known that Plaintiff had not committed an unarmed robbery, and yet caused Plaintiff to be charged with same solely and/or primarily because of Plaintiff's race, ethnicity, and/or nation of origin.

77. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

78. Due to the individually-named Defendants' actions, Plaintiff's Fourth Amendment rights were violated; and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Honorable Court award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**<u>COUNT VII</u>**
**<u>CITY OF TAYLOR'S CONSTITUTIONAL VIOLATIONS</u>**

79. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

80. Defendant City of Taylor acted recklessly and/or with deliberate indifference

when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

81. That these customs and/or policies and/or practices included, but were not limited to, the following:

a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

b. Failing to adequately train and/or supervise police officers regarding proper investigations and lawful arrests;

c. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Taylor knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force;

f. Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens; and

g. Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

82. Defendant City of Taylor's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

83. Defendant City of Taylor's deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

84. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: September 20, 2019
SCC/map

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JAGPAL SINGH

      Plaintiffs,

v.                                                                          CASE NO:
                                                                            HONORABLE:

CITY OF TAYLOR, RICKY BARNOSKY,
OFFICER JOHNSTON, and CHRISTIAN SCHNELL,
In their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, **JAGPAL SINGH**, by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial

by jury in the above-captioned cause.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  September 20, 2019
SCC/map